# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JOHN KIKUYAMA, | ) |
| Petitioner, | ) |
| v. | ) Case No. 13-3408-CV-H-MDH |
| WARDEN LINDA SANDERS, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners (USMCFP), petitions this Court for a writ of habeas corpus challenging his confinement. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because the petitioner's claims are without merit, it will be recommended that the petition be **DENIED**.

### BACKGROUND

Petitioner John Kikuyama was charged with bank robbery in the District of Hawaii in 2005. After several determinations in the trial court that Kikuyama was not competent to proceed on the charges, and subsequent unsuccessful attempts to restore him to competency, the court ordered Kikuyama committed to the custody of the Attorney General to determine whether he could be released from custody after the dismissal of the charges against him, or whether his release would constitute a danger to the person or property of another. *See United States v. Kikuyama*, Case No. 1:05-cr-00417-JMS (D. Haw. filed January 20, 2009).

On May 27, 2009, the government filed a Petition to Determine the Present Mental Condition of an Imprisoned Person pursuant to 18 U.S.C. § 4246. A Risk Assessment Panel of mental health professionals at USMCFP found that Kikuyama suffered from paranoid schizophrenia, a mental illness causing him to pose a substantial risk of bodily injury to another person or serious damage to the property of another. The panel recommended that Kikuyama be committed pursuant to 18 U.S.C. § 4246 for hospitalization and treatment. United States Magistrate Judge James C. England held a hearing in the matter and recommended that Kikuyama be committed pursuant to the statute. On September 18, 2009, United States District Judge Richard E. Dorr adopted the magistrate's recommendation and entered judgment committing Kikuyama under 18 U.S.C. § 4246. *See United States v. Kikuyama*, Case No. 09-3166-RED (W.D. Mo. filed May 27, 2009). Kikuyama appealed. The Court of Appeals for the Eighth Circuit affirmed, finding no error in the district court's commitment determination. *See United States v. Kikuyama*, Case No. 09-3616, 2010 WL 3655978 (8th Cir. September 22, 2010).

On October 20, 2010, the government filed a Motion for Conditional Release, reporting that a risk assessment panel at USMCFP had determined that Kikuyama's mental illness was stable on medication, and he should be released from custody (Doc. 32). Magistrate Judge England held a hearing on the motion and recommended that Kikuyama be conditionally released. On November 4, 2010, Judge Dorr adopted Judge England's recommendation and ordered Kikuyama's conditional release.

On May 14, 2013, the government filed a Motion for Revocation of Conditional Release (Doc. 38) upon information from the supervising Probation Officer that Kikuyama had violated his conditions of release by 1) failing to comply with his medication treatment regimen, 2) failing to participate in a mental health program as instructed, and 3) writing threatening letters.

2

The undersigned Magistrate Judge issued a warrant for Kikuyama's arrest. He was taken into custody and held at USMCFP. A Risk Assessment Panel which consisted of Angela van der Walt, Psy.D., Robert Sarrazin, M.D., and Angie Conover, MSW, evaluated Kikuyama and concluded that he continued to suffer from schizophrenia, and his release from custody would "present a substantial risk of bodily injury to others or serious damage to the property of others due to a present mental disease or defect." The panel recommended that the defendant remain at USMCFP for continued mental health treatment under section 4246 (Doc. 42). At the request of Kikuyama's counsel, Kenneth Burstin, Ph.D., conducted an independent psychological examination of the defendant. Although Dr. Burstin agreed with the panel that Kikuyama suffers from schizophrenia, he disagreed about Kikuyama's ability to function adequately in the community. Dr. Burstin opined that if Kikuyama were properly medicated, his conditional release would not create a substantial risk of danger (Doc. 47).

Due to the differing expert opinions, the undersigned held a contested hearing on the government's motion on March 20, 2014. The defendant was present and represented by Assistant Federal Public Defender Ann M. Koszuth; the government was represented by Special Assistant United States Attorney Christina L. Scofield. Robert G. Sarrazin, Chief of Psychiatry at USMCFP, testified at the hearing as to Kikuyama's mental state. He testified that Kikuyama is delusional, even when medicated, and displays little insight into his mental illness. During his confinement at USMCFP, Kikuyama continued to interact inappropriately with female staff, mismanaged the funds in his commissary account, and showed signs of dementia. Dr. Burstin also testified at the hearing. He opined that Kikuyama's decompensation was triggered by imprudent downward adjustments to his medication dosages, not failure to comply with medication. Dr. Bursin concluded that if Kikuyama's schizophrenia were well-controlled with

medication, his conditional release into the community would not create a substantial risk of dangerousness to others or their property (Doc. 52).

After thorough consideration of the opinions and testimony of the experts, on March 25, 2014, the undersigned issued a report and recommendation to the district judge recommending that the government's Motion for Revocation of Conditional Release be granted (Doc. 51). United States District Judge Gary A. Fenner adopted the report and recommendation and ordered that Kikuyama's conditional release be revoked, and he be committed pursuant to 18 U.S.C. § 4246 (Doc. 54).

In his petition for writ of habeas corpus, Kikuyama challenges the constitutionality of the commitment proceedings that resulted in his current confinement. He argues that he is subject to criminal punishment without due process and in violation of his speedy-trial rights (Doc. 1).

## DISCUSSION

Commitment under 18 U.S.C. § 4246 is appropriate when release of a federal prisoner would pose a substantial risk of bodily injury to another person or serious damage to the property of another. The government is required to show by clear and convincing evidence that the inmate suffers from a mental disease or defect; would be dangerous if released; and suitable state placement cannot be found. *See United States v. Williams*, 299 F.3d 673, 676 (8th Cir. 2002). A district court holds the authority to revoke a grant of conditional release under 18 U.S.C. § 4246(f) for a defendant's "failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment" to the extent that "continued release would create a substantial risk of bodily injury to another person or serious damage to the property of another." *See United States v. Franklin*, 435 F.3d 885, 890 (8th Cir. 2006).

The undersigned has thoroughly reviewed the record, and recommends that Kikuyama is lawfully confined pursuant to 18 U.S.C. § 4246. The record establishes that Kikuyama was afforded the full panoply of due process rights at each stage of the commitment and release process, including an examination by an independent mental health examiner, a hearing where he was represented by counsel, and a right to testify on his own behalf. To the extent he is challenging his most recent commitment for violation of his conditions of release (a reasonable assumption based on the date he filed the habeas petition) the undersigned notes that the mental health experts—a risk assessment panel at USMCFP and Dr. Burstin—both determined that Kikuyama suffers from schizophrenia, a serious mental illness. The undersigned held a hearing on March 25, 2014, at which Kikuyama was present and represented by counsel. Both experts proffered live testimony, and Kikuyama's counsel argued on his behalf. Taking together Kikuyama's consistent and long-term history of schizophrenia, his continued delusions, his lack of insight into his mental illness, his recent inappropriate letter-writing, his inappropriate interactions with staff even when medicated, and the violations of his conditions of release, the undersigned recommended that Kikuyama's conditional release be revoked pursuant to 18 U.S.C. § 4246(f). After de novo review, the district court adopted the undersigned's recommendations, and granted the government's petition for commitment.

Upon review of the record again on the instant habeas petition, the undersigned finds no basis for granting the petition for writ of habeas corpus or releasing Kikuyama from his commitment pursuant to 18 U.S.C. § 4246. The government met its burden of demonstrating that Kikuyama suffers from a mental disease or defect and represents a danger to others or the property of others if conditionally released at this time. Accordingly, the undersigned

recommends that the petition for writ of habeas corpus challenging the revocation Kikuyama's conditional release be **DENIED** on its merits.

## CONCLUSION

Therefore, based on all the foregoing, it is **RECOMMENDED** that the petition for writ of habeas corpus filed by Petitioner John Kikuyama be **DENIED**. It is further **RECOMMENDED** that all pending motions be found moot.

**DATED: July 23, 2014**

    /s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**